**Anastacio GALLEGOS and Rellis Gallegos, Appellants,**

v.

**John W. TURNER, Warden, Utah State Prison, Appellee.**

**No. 9137.**

United States Court of Appeals
Tenth Circuit.

Dec. 1, 1967.

James J. Morrato, Denver, Colo., for appellants.

Phil L. Hansen, Atty. Gen. of State of Utah, Gary A. Frank, Asst. Atty. Gen. (LeRoy S. Axland, Asst. Atty. Gen., Salt Lake City, Utah, with them on the brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS, BREITENSTEIN, HILL, SETH and HICKEY, Circuit Judges.

PER CURIAM.

After petitioners' conviction for voluntary manslaughter had been affirmed in the Supreme Court of Utah, i. e., see State v. Gallegos, 16 Utah 2d 102, 396 P.2d 414, they sought relief in habeas corpus in the State District Court on the grounds that false testimony was knowingly used to secure the conviction. Relief was denied, and assigned trial counsel perfected an appeal but declined to prosecute it on the grounds that in his opinion there was no error which would lead him to believe a reversal could be obtained, and he so informed the petitioners. The petitioners filed pro se briefs and requested the Supreme Court to appoint counsel to orally argue the appeals. Appointment of counsel was refused for the stated reason that assigned counsel had informally notified the Supreme Court that the appeal was without merit. The appeal was taken and considered on the pro se and state briefs. Relief was denied on the merits. See Gallegos v. Turner, 17 Utah 2d 273, 409 P.2d 386.

Having thus exhausted the state remedies, this habeas corpus proceeding was then commenced in the Utah Federal Court asserting the same substantive grounds for relief, i. e. use of perjured testimony, and additionally that refusal of the Utah Supreme Court to appoint

counsel for petitioners to orally argue the appeal deprived them of equal protection of the laws, due process of law and the right to counsel. Counsel was appointed and upon a full evidentiary hearing, the federal trial court agreed with the Utah Supreme Court that there was no proof to support the claim that false or perjured testimony was employed in the trial of the case. With characteristic caution, the trial court then proceeded to consider whether petitioners were nonetheless constitutionally entitled to appointment of counsel to orally argue their habeas corpus appeal to the Utah Supreme Court.

Having examined petitioners' case and having found it utterly without merit, the court concluded that the denial of counsel in this particular case did not amount to a deprivation of the equal protection of the laws, due process or the right to counsel. See Gallegos v. Turner, D.C., 256 F.Supp. 670.

We affirm the judgment of the trial court for the reasons stated therein.