**UNITED STATES of America,
Appellee,**

v.

**Dennis Clark MAXWELL, Appellant.**

**No. 71–1451.**

United States Court of Appeals,
Tenth Circuit.

March 10, 1972.

Fred Clifford, Boulder, Colo., for appellant.

Glenn J. Mecham, Asst. U. S. Atty. (C. Nelson Day, U. S. Atty., with him on the brief), for appellee.

Before SETH and BARRETT, Circuit Judges, and MECHEM, District Judge.

### PER CURIAM.

This is an appeal from a conviction of passing two falsely endorsed United States Postal Money Orders in violation of 18 U.S.C. § 500.

The two transactions were essentially the same. It was charged that, using a reportedly stolen bank card as identification, the appellant cashed the money orders in question at grocery stores in Ogden and Roy, Utah. The record shows that when the bank card was stolen it had not been signed by the rightful cardholder. The manager of one of the stores testified that the signature on the card was purportedly that of the payee on the money order which was the appellant's assumed name.

The store manager and the cashier at the other store identified the appellant from a group of photographs shown to them by the Ogden police. It is urged that the appellant was entitled to the presence of counsel at the photographic identifications, that the procedure used for identifying the appellant was improper, and that the Government did not prove beyond a reasonable doubt that the appellant knew that the money order endorsements were false. Each contention is without merit.

■ In United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), the Supreme Court reasserted the principle that an accused shall have the right to effective assistance of counsel whenever necessary to assure a meaningful defense. It was stated that an accused is entitled to counsel at all times during the course of prosecution when counsel's absence might derogate the accused's right to a fair trial; specifically, it was held that a post-indictment lineup is such a critical time during the prosecution of a defendant accused of bank robbery and that the defendant was entitled to counsel. Appellant here urges that a pre-indictment photographic identification presents the same issue. We have held:

"The argument that the defendant was deprived of his constitutional right to counsel by the out-of-court identification of photographs in the absence of counsel is without merit. In McGee v. United States, 10 Cir., 402 F.2d 434, 436, we held that the line-up decision, United States v. Wade, . . . did not apply to out-of-court identification of photographs." Rech v. United States, 410 F.2d 1131, 1132 (10th Cir. 1969), cert. den. 396 U.S. 970, 90 S.Ct. 457, 24 L. Ed.2d 438.

We cannot agree with United States v. Zeiler, 427 F.2d 1305 (3d Cir. 1970), if it is an application of the Wade rule to all pretrial photographic identifications of an accused who is in custody. In a particular fact situation, it is conceivable that the rights of the accused may have been violated, but we have not applied Wade as a general proposition to the circumstances here presented. See United States v. Serio, 440 F.2d 827 (6th Cir. 1971); United States v. Fowler, 439 F.2d 133 (9th Cir. 1971).

■ Appellant also urges that the photographic identifications by the two witnesses were impermissibly suggestive under the standard set down in Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). However, we find no violation of due process in the identification procedure, especially in view of the facts that the witnesses had ample opportunity to observe appellant and that there was no substantial lapse of time between the offenses and the identifications. See Belton v. United States, 429 F.2d 933 (10th Cir. 1970).

Finally, it is urged that the Government did not prove beyond a reasonable doubt that appellant knew that the money orders were falsely endorsed. However, the record reveals that the knowledge element of 18 U.S.C. § 500 was clearly established, and the evidence is more than sufficient to support a conviction. McGee v. United States, 402 F. 2d 434 (10th Cir. 1968).

Affirmed.