**Orbin Elder FRITZ, Petitioner,**

v.

**Peter A. DOUGLAS, Warden, and the Attorney General of the State of Oklahoma, Respondents.**

No. CIV-77-0597-D.

United States District Court,
W. D. Oklahoma.

Oct. 5, 1977.

---

7. There appears *to be no* need *for the issuance of injunctive relief against* either Gimbels or Macy's at this time.

**842**

Orbin Elder Fritz, pro se.

Larry Derryberry, Atty. Gen., by John F. Fischer, II, Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, Chief Judge.

In this habeas proceeding the petitioner, a State prisoner, claims that his detention by virtue of the judgment and sentence of the District Court of Oklahoma County, State of Oklahoma, case No. CRF–75–2352 is unlawful on the following grounds:

1. "Unlawful identification procedure."

2. "Denial of effective assistance of counsel."

3. "Trial court erred in denying motion for continuance."

4. "Conviction was obtained by the knowing use of perjury testimony."

5. "Denial of compulsary process to obtain witnesses favorable to the defendant."

6. "Length of trial judge's instructions."

The court has examined the trial and post conviction records submitted by the Attorney General for the State of Oklahoma. It appears therefrom that after a trial by jury the petitioner was convicted in said case No. CRF–75–2352 of the crime of Robbery With Firearms and sentenced in accordance with the verdict of the jury to imprisonment for ten years on December 3, 1975. A direct appeal was perfected in the Oklahoma Court of Criminal Appeals in which it was contended that the defendant should have been granted a continuance, that the evidence was insufficient, and that the sentence was excessive. On September 20, 1976, the appellate court affirmed the judgment and sentence of the trial court. *Fritz v. State*, 554 P.2d 1197 (1976). Subsequently the petitioner returned to the sentencing court with an application for post conviction relief in which he urged four propositions:

1. The trial court committed error when it failed to sustain his motion for continuance;

2. The trial court erred by its failure to appoint counsel early enough to properly assist him in his defense;

3. The testimony of a witness on behalf of the State, Charles Wayne White, was untrue and this fact was known by the State prosecutor;

4. The trial court erred in making the instructions too lengthy.

The District Court of Oklahoma County denied this application on April 18, 1977 and petitioner then appealed from this Order to the Oklahoma Court of Criminal Appeals. On May 24, 1977, the Court of Criminal Appeals affirmed the Order of the lower court denying post conviction relief.

The foregoing review of the proceedings in the Oklahoma courts establishes that the petitioner has not exhausted his State remedies on his first and fifth claims. These were not presented either on direct appeal or in his application for post conviction relief. Thus, there has been no exhaustion of State court remedies as re-

quired by 28 U.S.C. § 2254 on these issues. Federal habeas corpus relief is not available to a State prisoner unless State remedies have been exhausted. *Hoggatt v. Page*, 432 F.2d 41 (C.A.10 1970). The petitioner must present these new grounds for relief to the Oklahoma courts before asking this court for habeas relief. *Watson v. Patterson*, 358 F.2d 297 (C.A.10 1966).

▇ The underlying basis for petitioner's charge of ineffective assistance of counsel is his allegation that his counsel did not confer with him between the date of his preliminary hearing on August 25th and the trial on November 12th. Petitioner's allegations are not supported by the record. On the morning of trial, trial counsel moved for a continuance on the grounds that for the first time that morning petitioner had given him some *additional* names of possible witnesses to support petitioner's alibi defense. The statement by counsel indicates prior conferences with the petitioner in which petitioner had given him some names and that the attorney had conducted a pretrial investigation of petitioner's defense based upon the information previously provided by petitioner. The dereliction suggested by the record lies not with counsel but with petitioner for not supplying the names to counsel at the time of the preliminary or in the two and one-half months intervening between the date of the preliminary and the trial. Counsel presented the motion for continuance and the evidence which he had to offer to support it. He conducted a thorough cross-examination of the identification witnesses whose testimony was critical to the State's case. The record does not disclose that he failed to do anything which he should have done to protect the petitioner's rights. Certainly the transcript examined by the court does not reflect that the trial was a mockery, sham or farce. A habeas petitioner has a heavy burden to establish ineffective assistance of counsel and a court will not judge the attorney by his success or with the benefit of hindsight. *Tapia v. Rodriguez*, 446 F.2d 410 (C.A.10 1971); *Ellis v. Oklahoma*, 430 F.2d 1352 (C.A.10 1970), cert. denied, 401 U.S. 1010, 91 S.Ct. 1260, 28 L.Ed.2d 546 (1971). He is not entitled to relief unless the court can conclude that the trial was a farce or mockery of justice, or was shocking to the conscience, or counsel's representation was only perfunctory, in bad faith, a sham, a pretense or without adequate opportunity for conference and preparation. *Gillihan v. Rodriguez*, 551 F.2d 1182 (C.A.10 1977). No such showing is made here. This is not a case where counsel was appointed on the day of trial and had no opportunity to confer with his client and prepare for trial. Admittedly, the trial attorney also represented the petitioner at the preliminary hearing and had an opportunity to become familiar with the case and confer with the petitioner at that time. Petitioner could have, and should have, disclosed to his attorney at that time the names of all witnesses or other evidence which might be helpful to the defense. The attorney took the information which was provided to him and attempted to corroborate petitioner's defense. His inability to do so successfully does not now render his representation incompetent or ineffective.

▇ The petitioner's complaints numbered 3 and 6 concerning a continuance and the instructions do not raise federal constitutional questions. Whether to grant a continuance was a matter within the trial court's discretion. See *United States v. Spoonhunter*, 476 F.2d 1050 (C.A.10 1973). There were no objections to the instructions at trial and here the petitioner does not point to any erroneous instruction or assert that the instructions were insufficient for any reason, but only complains because they were "too lengthy". Even in the case of an improper instruction only rarely will it justify reversal of a conviction when no objection was made in the trial court. *Henderson v. Kibbe*, 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977). On collateral attack it must appear that there was an error of such magnitude that it constituted a denial of a fair trial in a constitutional sense. *Lorraine v. United States*, 444 F.2d 1 (C.A.10 1971); *Linebarger v. Oklahoma*, 404 F.2d 1092 (C.A.10 1968), cert. denied, 394 U.S. 938, 89 S.Ct. 1218, 22 L.Ed.2d 470 (1969). Directly in point is the statement of the court in *Latham v. Crouse*, 320 F.2d 120, 123 (C.A.10 1963):

844

"Further objections go to the denial of the motion of the local counsel, appointed to assist original counsel, for a continuance, motion for second psychiatric examination, the instructions, and the closing argument of prosecution counsel. These were resolved by the Kansas Supreme Court. Our examination of the record convinces that none of these points relate to any constitutional rights. Habeas corpus may not be used to review a claimed trial error unrelated to basic constitutional rights."

Petitioner's claim of perjured testimony is without merit. Apparently, it is directed to the testimony of the robbery victim at trial in which he identified the petitioner as the robber after he had testified at the preliminary that he was unable to identify the petitioner. The petitioner argues:

"How may, I ask, was the jury to determine the truth when they were not in possession of testimony given at the preliminary hearing?"

The question undoubtedly was rhetorical for the obvious answer is that the jury was informed of the preliminary hearing testimony. The robbery victim admitted on both direct and cross-examination that he had been unable to identify the petitioner at the preliminary hearing. Defense counsel specifically asked him:

"And on the 25th day of August, 1975, your testimony was, 'I cannot identify that man.' Is that not true?"

To which the victim responded:

"Yes."

(Trial transcript at 21.)

The matter was fully developed and defense counsel vigorously attacked the victim's explanation of how he was able to identify the petitioner after being unable to do so earlier. The discrepancies were before the jury and the weight to be given his testimony was properly for the jurors to decide. The conclusion of the victim at trial that the petitioner was the offender does not really contradict his former testimony since he had not stated that the petitioner was *not* the one. He simply stated that he was then unable to identify the

petitioner. For perjured testimony to provide grounds to vacate a conviction the petitioner must establish that the testimony was false, that it was material and that it was knowingly and intentionally used by the government to obtain the conviction. *McBride v. United States*, 446 F.2d 229 (C.A.10 1971). The existence of conflict or inconsistencies in the testimony of a witness do not themselves support a conclusion of perjury much less the knowing use of perjured testimony. *Lauer v. United States*, 320 F.2d 187 (C.A.7 1963). Petitioner's allegations are simply insufficient to support the knowing use of perjured testimony by the prosecution.

As evidenced by the foregoing analysis there are no material issues of fact which require an evidentiary hearing in this court and the files and records conclusively show that the petitioner is entitled to no relief.

Accordingly, the Petition for Writ of Habeas Corpus will be denied.

IT IS SO ORDERED.