**Thomas Leslie HOLCOMB,
Petitioner-Appellant,**

v.

**A.I. MURPHY, Warden, and Attorney
General of the State of Oklahoma,
Respondents-Appellees.**

**No. 82–1549.**

United States Court of Appeals,
Tenth Circuit.

March 9, 1983.

Certiorari Denied June 27, 1983.
See 103 S.Ct. 3546.

*Fund Trust,* 648 F.2d 1252, 1253–54 (9th Cir. 1981); it does not affect the outcome of this case.

Thomas Leslie Holcomb, pro se.

Jan Eric Cartwright, Atty. Gen., and Patricia M. Gerrity, Asst. Atty. Gen., State of Oklahoma, Oklahoma City, Okl., for respondents-appellees.

Before SETH, Chief Judge, and McKAY and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Petitioner Thomas L. Holcomb, a state prisoner, appeals the judgment of the United States District Court for the Western District of Oklahoma dismissing his petition for a writ of habeas corpus. Petitioner raised eight grounds in his petition. He contended that: (1) the trial court erred in allowing FBI Agent Thomas Zapata to relate hearsay observations concerning the FBI investigation of petitioner's case; (2) the trial court erred in failing to suppress evidence obtained pursuant to an allegedly unlawful identification procedure; (3) the conviction was obtained by the knowing use of perjured testimony; (4) the prosecution suppressed evidence that was favorable to petitioner; (5) the trial court erred in denying a discovery motion; (6) petitioner was denied his right to counsel during the identification procedure; (7) petitioner was denied effective assistance of counsel during trial and on appeal; and (8) petitioner was denied the rights of appeal and of postconviction relief by the public defender's office. The district court concluded that the assignments of error were without merit and dismissed the petition.

A brief procedural history is in order. Following his conviction in state court, petitioner appealed to the Oklahoma Court of Criminal Appeals, raising four issues. He argued that: (1) the trial court erred in overruling his motion to suppress the in-court identification; (2) the evidence was insufficient to sustain the verdict (because of the alleged improprieties in the pretrial identification process); (3) hearsay testimony by Agent Zapata was improperly admitted; and (4) the punishment was excessive. The appellate court held that the motion to suppress was properly denied because the witnesses testified that their identifications were based on their recollection of the defendant's appearance at the time of the robbery, not on the photos shown them prior to trial. The court concluded that each witness was capable of making, and did make, an independently reliable identification. The court also held that the verdict was supported by sufficient competent evidence, that the trial court properly admitted the hearsay testimony for a limited purpose and with appropriate admonitions to the jury, and that the punishment was not excessive.

Petitioner subsequently filed a motion for postconviction relief. In addition to the issues presented in his direct appeal, he

alleged knowing use of perjured testimony, unlawful suppression of evidence, erroneous denial of a discovery motion, denial of right to counsel because of the absence of counsel during a photographic lineup, ineffective assistance of counsel, and denial of the right to appeal. Postconviction relief was denied. With respect to the issues not raised in the direct appeal the court of criminal appeals stated, "The appellant gives no reason why he could not have asserted these issues in his direct appeal, and in accordance with [Okla.Stat. tit. 22] § 1086, *supra,* they must be considered waived." Thereafter petitioner filed the federal habeas corpus petition that is the subject of this appeal. Petitioner raised all of the claims he asserts here in his postconviction proceedings in state court. Thus he has exhausted state remedies. *See Engle v. Isaac,* 456 U.S. 107, n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

▆▆▆ Of the eight issues raised in federal court two were asserted in petitioner's direct appeal: the improper admission of hearsay testimony and the denial of the motion to suppress. Petitioner's contention that the trial court improperly admitted hearsay testimony alleges a trial error that may be questioned in a federal habeas corpus proceeding only if the error renders the trial so fundamentally unfair as to deprive the petitioner of federal constitutional rights. *See Gillihan v. Rodriguez,* 551 F.2d 1182, 1192–93 (10th Cir.), *cert. denied,* 434 U.S. 845, 98 S.Ct. 148, 54 L.Ed.2d 111 (1977). The district court properly concluded that the record does not disclose circumstances giving rise to a denial of fundamental fairness. In this case the state court's denial of petitioner's motion to suppress his in-court identification raises only an issue of trial error not cognizable in federal habeas corpus proceedings. *See Bond v. Oklahoma,* 546 F.2d 1369, 1377 (10th Cir.1976).

▆▆▆ Two more of petitioner's claims relate to the appeal rather than the trial and thus could not have been properly raised until after the direct appeal. These are the denial of effective assistance of counsel at the appellate level and the denial of the rights to appeal and to postconviction relief. Since those claims were raised in petitioner's initial application for postconviction relief, their merits are properly before us.

▆▆▆ After reviewing the appellate record and briefs, we agree with the district court that petitioner's claim of ineffective assistance of counsel is not supported. We also reject petitioner's contention that the failure of his appellate counsel to raise some issues petitioner wanted him to assert or failure of the court to appoint counsel to assist petitioner in postconviction relief proceedings constituted denial of petitioner's rights. Petitioner was adequately represented by counsel on direct appeal, and the failure of the court to appoint counsel for the postconviction application is not a constitutional violation. *See Gallegos v. Turner,* 386 F.2d 440, 441 (10th Cir.1967), *cert. denied,* 390 U.S. 1045, 88 S.Ct. 1647, 20 L.Ed.2d 307 (1968).

Petitioner's remaining claims could have been, but were not, raised in his direct appeal. The threshold question we must decide is whether, despite the petitioner's failure to present these issues on direct appeal, the merits of the claims may properly be reached. The Supreme Court has decided several cases that bear upon this question. In *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), a state prisoner who had never appealed his conviction for murder sought review of his conviction by habeas corpus petition in federal court. The Court held that a criminal defendant's failure to appeal his state court conviction does not preclude the examination of constitutional claims in a federal habeas corpus proceeding, but that "the federal habeas judge may in his discretion deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." *Id.* at 438, 83 S.Ct. at 848.

However, in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the Supreme Court held that a federal court

may not consider on habeas a claim not asserted at trial in compliance with a state contemporaneous objection rule unless the petitioner shows cause for the noncompliance and actual prejudice from the alleged constitutional violation. *Id.* at 87, 97 S.Ct. at 2506. While disapproving some of the sweeping language in *Fay,* the Court specifically left open the question whether the cause and prejudice test applies to a failure to take an appeal and, we believe, a failure to raise a constitutional issue on appeal. The Court said:

"We have no occasion today to consider the *Fay* rule as applied to the facts there confronting the Court. Whether the *Francis* [*v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 147 (1976)] rule should preclude federal habeas corpus review of claims not made in accordance with state procedure where the criminal defendant has surrendered, other than for reasons of tactical advantage, the right to have all of his claims of trial error considered by a state appellate court, we leave for another day."

*Id.* at 88 n. 12, 97 S.Ct. at 2507 n. 12.

*Wainwright* was reaffirmed in *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Although *Engle* concerned a petitioner who had failed to assert a claim at trial as required by a state contemporaneous objection rule and the Court generally confined its discussion to that precise default, in one place, after referring to the *Wainwright* decision, the Court stated broadly, "We reaffirm, therefore, that any prisoner bringing a constitutional claim to the federal courthouse *after a state procedural default* must demonstrate cause and prejudice before obtaining relief." 456 U.S. at 729, 102 S.Ct. at 1572 (emphasis added).

Since *Wainwright,* all of the circuits that have considered whether the rule in *Wainwright* or the rule in *Fay* controls when a state prisoner fails to take a direct appeal from his conviction have held that *Fay* applies. *See Boyer v. Patton,* 579 F.2d 284, 286 (3d Cir.1978); *Ferguson v. Boyd,* 566 F.2d 873, 879 (4th Cir.1977); *Crick v. Smith,* 650 F.2d 860, 867–68 (6th Cir.1981), *cert.*

*denied,* 455 U.S. 922, 102 S.Ct. 1281, 71 L.Ed.2d 464 (1982). Most of the circuits that have considered situations in which a habeas petitioner took a direct appeal but failed to raise an issue have held that *Wainwright*'s cause and prejudice standard applies to an issue not raised in the direct appeal. *See Forman v. Smith,* 633 F.2d 634, 636–40 (2d Cir.1980), *cert. denied,* 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204 (1981); *Hubbard v. Jeffes,* 653 F.2d 99, 101 n. 2 (3d Cir.1981); *Huffman v. Wainwright,* 651 F.2d 347, 350 (5th Cir.1981); *Matias v. Oshiro,* 683 F.2d 318, 321 & n. 3 (9th Cir.1982); *Ford v. Strickland,* 696 F.2d 804 (11th Cir. 1983); *cf. Norris v. United States,* 687 F.2d 899 (7th Cir.1982) (collateral attack of federal conviction). *Contra Rinehart v. Brewer,* 561 F.2d 126, 129–30 & n. 6 (8th Cir. 1977). Only a few of the circuit cases have any significant discussion of the issue, and those that do have not focused upon the distinction between failure to appeal and failure to raise an issue when an appeal has been taken.

We have no trouble with the case in which a federal habeas petitioner has failed to take any appeal at all from his state conviction. A decision by the Supreme Court is binding on this Court until the Supreme Court chooses to overrule it. While some courts have concluded that *Fay* has been implicitly overruled by the later decisions of *Wainwright* and *Engle,* we note that *Wainwright* expressly declined to overrule *Fay* and that even though *Engle* used broad language, it did not disapprove *Fay* but cited *Fay* three times. 456 U.S. at 117, 128 n. 28, 130 n. 36, 102 S.Ct. at 1566, 1570 n. 28, 1573 n. 36. The Supreme Court knows how to overrule a case if it wishes to do so. It has not overruled *Fay,* and until it does we shall apply the rule of that case at least to situations in which no state appeal has been taken.

We have more difficulty with the situation confronting us, one in which a state appeal was taken but an issue now asserted in the federal habeas petition was not raised in the direct appeal. This situation is not covered by the facts of *Fay, Wain-*

*wright,* or *Engle.* Broad language in *Fay* would permit the federal court to consider the case; broad language in *Engle* would not. *Wainwright* criticizes the use of broad language in this area, at least as it was used in *Fay.* In our view most of the reasoning the *Wainwright* majority used to justify applying the cause and prejudice standard is much more applicable to defaults at trial than to defaults in an appeal.[1] Two of the reasons—comity and the promotion of accuracy by prompt disposition while witnesses are available and have fresh memories—apply equally to defaults in trials and defaults in appeals. *See Forman v. Smith,* 633 F.2d at 639–40. But we do not believe they have any greater application to failure to raise an issue in an appeal than they do to failure to appeal at all.

Chief Justice Burger, concurring in *Wainwright,* distinguished *Fay* from *Wainwright* by noting that the failure to make a contemporaneous objection at trial is normally a decision made by the defense attorney while the failure to appeal is a decision made by the criminal defendant. 433 U.S. at 92–94, 97 S.Ct. at 2509–2510. Arguably, while the principal actor in the decision whether to appeal is the criminal defend-

ant, the decisions concerning which issues to raise on appeal are made largely by the defense attorney. There is a difference between the two cases, but we do not believe that it is a distinction that justifies applying a different standard to the two situations. We do not believe that the rule for determining when federal courts can decide claims raised on habeas corpus should depend on perceptions of the decisionmaking balance between attorney and client. Nowhere in the Court's opinion in *Wainwright* is it suggested that this is the basis for that decision. If we were to draw such a distinction between cases in which no appeal was taken and those in which an appeal was taken but a constitutional issue was not argued, we would create an incompetence of counsel issue in every case in which an appeal was taken.

■ We recognize that *Rose v. Lundy, Engle v. Isaac,* and *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), have severely narrowed the issues cognizable in federal habeas corpus proceedings. Perhaps denying relief when an issue has not been raised in a direct appeal is a logical extension of the holdings of those

---

1. In *Wainwright* the Court said,

   "A contemporaneous-objection rule may lead to the exclusion of the evidence objected to, thereby making a major contribution to finality in criminal litigation. Without the evidence claimed to be vulnerable on federal constitutional grounds, the jury may acquit the defendant, and that will be the end of the case; or it may nonetheless convict the defendant, and he will have one less federal constitutional claim to assert in his federal habeas petition. If the state trial judge admits the evidence in question after a full hearing, the federal habeas court pursuant to the 1966 amendment to § 2254 will gain significant guidance from the state ruling in this regard. Subtler considerations as well militate in favor of honoring a state contemporaneous-objection rule. An objection on the spot may force the prosecution to take a hard look at its hole card, and even if the prosecutor thinks that the state trial judge will admit the evidence he must contemplate the possibility of reversal by the state appellate courts or the ultimate issuance of a federal writ of habeas corpus based on the impropriety of the state court's rejection of the federal constitutional claim.

   . . . . .

   "The failure of the federal habeas courts generally to require compliance with a contemporaneous-objection rule tends to detract from the perception of the trial of a criminal case in state court as a decisive and portentous event. A defendant has been accused of a serious crime, and this is the time and place set for him to be tried by a jury of his peers and found either guilty or not guilty by that jury. To the greatest extent possible all issues which bear on this charge should be determined in this proceeding: the accused is in the courtroom, the jury is in the box, the judge is on the bench, and the witnesses, having been subpoenaed and duly sworn, await their turn to testify. Society's resources have been concentrated at that time and place in order to decide, within the limits of human fallibility, the question of guilt or innocence of one of its citizens. Any procedural rule which encourages the result that those proceedings be as free of error as possible is thoroughly desirable, and the contemporaneous-objection rule surely falls within this classification."

   433 U.S. at 88–90, 97 S.Ct. at 2507–2508 (footnote omitted).

cases. But absent explicit direction from the Supreme Court we are unwilling to so hold. In our view, *Fay v. Noia* is still the law and enunciates a broad enough rule to permit federal habeas consideration of issues not raised in a direct state appeal.

The trial court here considered the issues that could have been, but were not, raised in the petitioner's direct appeal. The judge made no finding of deliberate bypass, apparently exercising his discretion to treat the issues on their merits as permitted by *Fay. See* 372 U.S. at 438, 83 S.Ct. at 848. Therefore, the merits of the petitioner's remaining claims—the prosecution's knowing use of perjured testimony, the prosecution's unlawful suppression of evidence favorable to the petitioner, the trial court's denial of a discovery motion, and the denial of the right to counsel during the identification procedure—are properly before us.

■■■ We agree with the district court's conclusion that the petitioner's claims are without merit. The allegation that the prosecution unlawfully suppressed evidence favorable to the petitioner must fall because the record does not support the petitioner's contention. The claim of knowing use of perjured testimony by the prosecution is similarly meritless because the petitioner points only to conflicting evidence, not false evidence. *See Fritz v. Douglas,* 446 F.Supp. 841, 844 (W.D.Okla.1977). The contention that the trial court unlawfully denied a discovery motion is not cognizable in this habeas corpus proceeding because it raises only an issue of state procedural error and the denial did not render the petitioner's trial fundamentally unfair. *See Bond v. Oklahoma,* 546 F.2d 1369, 1377 (10th Cir.1976). The petitioner's final contention is that he was denied his right to counsel during the identification procedure. This contention is based on the government's use of a photographic lineup without having present counsel for the accused. This claim must also fall because it is settled in this circuit that there is no constitutional right to counsel in a photographic lineup. *United States v. Maxwell,* 456 F.2d 1053, 1054 (10th Cir.1972).

AFFIRMED.

SETH, Chief Judge, concurring:

I concur in the result reached by the majority, but would apply *Wainwright* to the issues included in the petition before us but which were not raised in petitioner's direct appeal.

The majority clearly describes the choice between *Wainwright* and *Fay v. Noia.* My only departure is that the issues not raised on the state appeal are to be matters within the control and discretion of the attorney as in *Wainwright* and who may wish to save them for another day as a matter of strategy, with consideration of the interrelationship of the several issues and the effective presentation of selected issues or other reasons. In any event, the context is the same as for the issue considered in *Wainwright,* and the decision, together with *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379, and *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816, suggests that we should apply to appeals in the state courts the statement there made:

> "There is nothing in the Constitution or in the language of § 2254 which requires that the state trial on the issue of guilt or innocence be devoted largely to the testimony of fact witnesses directed to the elements of the state crime, while only later will there occur in a federal habeas hearing a full airing of the federal constitutional claims which were not raised in the state proceedings. If a criminal defendant thinks that an action of the state trial court is about to deprive him of a federal constitutional right there is every reason for his following state procedure in making known his objection.
>
> "The 'cause'-and-'prejudice' exception of the *Francis* rule will afford an adequate guarantee ...."

The concurring opinions of Justices Burger and Stevens to me also indicate the application of *Wainwright* should be made.