37 F.3d 1509
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael Allen GLENN, Petitioner-Appellant,
v.
Dan REYNOLDS and Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 94-6119.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1994.
 
 Before SETH, BARRETT, and LOGAN, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Michael Allen Glenn appeals from the order and judgment of the district court adopting the report and recommendation of the magistrate judge and dismissing his 28 U.S.C. 2254 petition for a writ of habeas corpus. We conclude that Mr. Glenn has failed to demonstrate that a violation of his constitutional rights occurred. Therefore, we affirm the denial of habeas corpus relief.
 
 
 4
 Mr. Glenn was convicted following a jury trial in the District Court of Oklahoma County of the crime of Burglary in the First Degree after Former Conviction of Two or More Felonies. He was sentenced to a twenty-five year term of imprisonment. His conviction was affirmed on appeal in Glenn v. State of Oklahoma, No. F-89-1121 (Okla.Crim.). Mr. Glenn now seeks habeas relief predicated upon the trial court's failure to suppress the victim's in-court identification of him, its failure to grant a mistrial following the prosecutor's violation of the trial court's ruling on a motion in limine, and the introduction of statements made by Petitioner at the time of his arrest.
 
 
 5
 Initially, Mr. Glenn contends that the district court should have suppressed the in-court identification by the victim, which was allegedly tainted by a suggestive one person showup and a photographic lineup in violation of defendant's right to counsel. At the outset, we must determine the standard of review which applies to this issue. The Supreme Court has declared that the constitutionality of identification procedures is a mixed question of law and fact. Sumner v. Mata, 455 U.S. 591, 597. We review the determination that identification procedures were constitutional de novo. Archuleta v. Kerby, 864 F.2d 709, 711 (10th Cir.). However, we note that state court factual determinations made in reaching this determination are presumed to be correct. 28 U.S.C. 2254(d); Hernandez v. New York, 500 U.S. 352, 366. We review factual findings by the district court in a habeas corpus proceeding under the clearly erroneous standard. United States v. Buchanan, 891 F.2d 1436, 1440 (10th Cir.).
 
 
 6
 A court examines two issues when determining whether an identification procedure is constitutional. The first is whether the procedure is unnecessarily suggestive. Archuleta, 864 F.2d at 711. The second is whether, despite being unnecessarily suggestive, the identification was reliable under the totality of the circumstances. Id.; Neil v. Biggers, 409 U.S. 188, 199. The reliability of identification procedures is evaluated using five factors set forth by the Supreme Court:
 
 
 7
 "[1.] [T]he opportunity of the witness to view the criminal at the time of the crime[;]
 
 
 8
 "[2.] the witness' degree of attention[;]
 
 
 9
 "[3.] the accuracy of the witness' prior description of the criminal[;]
 
 
 10
 "[4.] the level of certainty demonstrated by the witness at the confrontation[;] and
 
 
 11
 "[5.] the length of time between the crime and the confrontation."
 
 
 12
 Neil v. Biggers, 409 U.S. at 199-200.
 
 
 13
 In applying this analysis, the district court agreed with the magistrate judge who determined that the "Petitioner's due process rights were not violated by the introduction of the pretrial and in-court identification." In reaching this decision, the magistrate judge pointed out with regard to the showup that the Oklahoma Court of Criminal Appeals found that the victim "viewed [Petitioner] inside her home for approximately two minutes, in clear daylight and at a distance ranging as close as one foot." Further, the appellate court found that her pre-identification description was "sufficiently accurate" and the actual identification occurred "approximately one-half hour after the crime." Therefore, the district court reasoned that the identification procedure, even if we assume it was suggestive, did not create a substantial likelihood of misidentification. In addition, the district court correctly held that Mr. Glenn had no right to counsel at a photographic lineup, and that accordingly the in-court identification was also not tainted by that procedure. Holcomb v. Murphy, 701 F.2d 1307, 1312 (10th Cir.).
 
 
 14
 With regard to Mr. Glenn's contentions pertaining to the identification procedures, we agree with and cannot meaningfully add to the district court's discussion of the facts and law, and we affirm this issue based substantially upon the reasons given by the magistrate judge in his report of January 27, 1994 (recommendation of dismissal partially based upon constitutionality of identifications) and the order of the district court of March 21, 1994 (order denying habeas claims which agreed with the magistrate's report that no due process violation was present with regard to identification procedures).
 
 
 15
 Mr. Glenn additionally claims that habeas relief is appropriate because the prosecutor questioned him regarding prior felony convictions in violation of a ruling on a motion in limine. The trial court ruled that the prior convictions were relevant, but that the prosecutor could ask only whether felony convictions existed and, if so, how many. On direct examination, Mr. Glenn revealed that he had five prior felony convictions. The prosecution inquired on cross-examination if they occurred on the same day or in the same year. Mr. Glenn immediately requested a mistrial, which the trial court denied. The trial judge then admonished the jury to disregard the question.
 
 
 16
 Our analysis of this alleged error is limited to whether Mr. Glenn's trial was rendered so fundamentally unfair as to deny him a constitutionally protected right. Hopkinson v. Shillinger, 866 F.2d 1185, 1197 (10th Cir.). If not, the claim is governed by state law and is not cognizable in a habeas proceeding. We agree with the district court that Mr. Glenn cannot demonstrate prejudice in light of his own direct testimony and the court's curative instruction. Mr. Glenn further alleges additional trial errors which are predicated upon state law and likewise are not proper for a habeas proceeding.
 
 
 17
 Mr. Glenn lastly asserts that the trial court erred by not excluding statements which he alleges were made before Miranda warnings were given. Both the district court and the state appellate court found, and the record supports, that Petitioner was indeed properly advised of his Miranda rights prior to any conversation with the arresting officer. Accordingly, this contention is without merit.
 
 
 18
 We find that Mr. Glenn's writ was properly denied by the district court.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470