**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 12 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CANOVA GEORGE SINGLETON,

    Petitioner - Appellant,

v.

STEVE HARGETT, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

    Respondents - Appellees.

No. 98-7172

(D.C. No. 95-CV-570-B)

(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining Petitioner-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Petitioner Canova George Singleton, proceeding pro se, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 2254.

Petitioner filed this habeas corpus petition challenging his conviction in Oklahoma state court for robbery with firearms after former conviction of a felony. He alleged three grounds for relief: (1) ineffective assistance of counsel at trial and on appeal; (2) failure to suppress photo lineup identification; and (3) insufficient evidence to convict. Because the Oklahoma state courts denied Petitioner's state application for post-conviction relief as barred by his failure to show sufficient reason for not raising the alleged errors on direct appeal, the magistrate judge determined that the petition should be dismissed on the basis of a procedural bar. See R., Vol. I, Doc. 18. The magistrate judge concluded that federal review was barred because Petitioner had not demonstrated cause for the default as a result of the alleged violations. The magistrate judge determined that each of Petitioner's claims failed on the merits and that he did not establish any other justification for failing to raise the arguments in the district court.

After reviewing the magistrate judge's findings and recommendation, Petitioner's objections thereto, and the applicable law, the district court adopted the magistrate judge's findings and recommendation and dismissed the petition. See id., Doc. 25. The court subsequently denied Petitioner's request for a

certificate of probable cause.[1]  Petitioner renews his application for a certificate

of probable cause with this court.[2]

To obtain federal habeas corpus review of claims procedurally defaulted in

state court pursuant to an independent and adequate state procedural rule, "the

prisoner [must] demonstrate cause for the default and actual prejudice as a result

of the alleged violation of federal law, or demonstrate that failure to consider the

claims will result in a fundamental miscarriage of justice."  Coleman v.

Thompson, 501 U.S. 722, 750 (1991).  In this case, Petitioner argues on appeal

that his claims of ineffective assistance of trial and appellate counsel properly

established cause for the default and prejudice.  He also claims that the state

court's refusal to provide a full and fair hearing on the material facts prejudiced

---

[1]AEDPA does not apply to this petition for habeas corpus relief because it was filed in 1995 in the United States District Court for the Western District of Oklahoma and was subsequently transferred to the Eastern District of Oklahoma. Thus, Petitioner requires a certificate of probable cause rather than a certificate of appealability to proceed on appeal.  See R., Vol. I, Doc. 27.  Because the standard for seeking either certificate is essentially the same, Petitioner's burden remains unchanged.  See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996) (holding that the standard for issuing a certificate of appealability is the same as the standard for issuing a certificate of probable cause established in Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)), cert. denied, 519 U.S. 1081 (1997), overruled in part on other grounds by United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997).

[2]Petitioner also filed a motion to proceed on appeal *in forma pauperis*. Because he was permitted to proceed *in forma pauperis* in the district court, and because there has been no change to that designation, Petitioner retains his *in forma pauperis* status on appeal pursuant to Fed. R. App. P. 24(a)(3).  We therefore deny his motion as moot.

him.  We review de novo the district court's denial of habeas relief, see Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir. 1993), and we construe Petitioner's pro se pleadings liberally.  See Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).

Although a showing of the denial of the right to effective assistance of counsel generally demonstrates cause and prejudice sufficient to overcome procedural default, see Coleman, 501 U.S. at 754; Romero v. Tansy, 46 F.3d 1024, 1030 (10th Cir. 1995), we agree with the magistrate judge's findings and conclusion that Petitioner's claims of ineffective assistance of counsel are without merit and therefore are insufficient to constitute cause for the default.  We also agree that Petitioner, who was not in custody at the time of the photo identification, has no constitutional right to counsel in an out-of-court photographic lineup.  See United States v. Maxwell, 456 F.2d 1053, 1054 (10th Cir. 1972).  As a result, Petitioner has not demonstrated that he was prejudiced by the way the state court handled his claims.  Finally, Petitioner has not shown that the application of a procedural bar will result in a fundamental miscarriage of justice because he has not made a claim of actual innocence on appeal.  See Murray v. Carrier, 477 U.S. 478, 496 (1986).

Because Petitioner's claims are procedurally barred and because he has not made a substantial showing of the denial of a federal right, we deny his request

for a certificate of probable cause and dismiss the appeal.

DENIED and DISMISSED.

Entered for the Court


Monroe G. McKay
Circuit Judge