**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 14, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NICKI MICHELE PENNINGTON,

    Defendant - Appellant.

No. 06-6335
(D.C. Nos. CIV-05-877-T and
CR-03-51-T)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Nicki Michele Pennington, a federal inmate appearing pro se, seeks a Certificate of Appealability (COA) so that she may challenge the district court's denial of her motion to vacate, set aside or correct her sentence, 28 U.S.C. § 2255. On appeal, Ms. Pennington claims that the sentence she is currently serving was imposed in violation of the Sixth Amendment. See United States v. Booker, 543 U.S. 220 (2005). She also claims that her appellate counsel was ineffective for inducing her to withdraw her direct appeal which could have raised this issue. The district court denied Ms. Pennington's § 2255 motion on grounds that the Sixth Amendment claim was procedurally defaulted, and that Ms. Pennington could not show prejudice based upon counsel's actions. Because Ms.

Pennington has failed to demonstrate that it is reasonably debatable whether the district court's ruling dismissing her petition is correct, see Slack v. McDaniel, 529 U.S. 473, 484 (2000), we deny a COA and dismiss the appeal.

On February 27, 2003, a federal grand jury returned an indictment against Ms. Pennington charging her with: one count of aiding and abetting the production of child pornography in violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2 (count 1); one count of aiding and abetting the possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. § 2 (count 3); and two counts of aiding and abetting the possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2 (counts 4 and 5). A little over three months later, Ms. Pennington entered a plea of nolo contendere to these counts.

Shortly thereafter, a pre-sentence investigation report (PSR) was prepared. Ms. Pennington eventually filed an untimely objection to the PSR's recommendation of a two-level enhancement for physical restraint of the victim and also its failure to recommend a three-level reduction for acceptance of responsibility. At sentencing, the district court overruled Ms. Pennington's objections to the PSR and on October 15, 2003, sentenced her to 210 months' imprisonment on count 1, 60 months' imprisonment on each of the remaining three counts to run concurrently with the sentence on count 1, and three years' supervised release.

Ms. Pennington subsequently filed a notice of appeal. Nonetheless, "[a]fter discussion with counsel, and after being told that if she were to appeal again before the sentencing judge, she would receive more time, [Ms. Pennington] advised appointed counsel that she wished to dismiss her appeal." Aplt. Br. at 6-7. Counsel filed a motion to dismiss the appeal which was granted on March 14, 2005.

On August 1, 2005, Ms. Pennington filed her § 2255 motion, and amended it on March 24, 2006. She claims that her sentence was imposed in violation of Booker because the sentencing court increased her sentence based on facts that it had only found by a preponderance of the evidence, and that counsel was ineffective for not advising her to continue her appeal in light of Booker. The district court held that Ms. Pennington's original claim is procedurally defaulted because the arguments she now makes should have been presented on direct appeal. It further held Ms. Pennington had not shown cause and prejudice, let alone argued a fundamental miscarriage of justice, that might excuse the procedural default. The court rejected the ineffective assistance of counsel claim for want of a showing of prejudice.

A collateral challenge is not a substitute for appeal. Bousley v. United States, 523 U.S. 614, 621 (1998). In other words, a § 2255 motion is not a vehicle through which issues overlooked on direct appeal may be relitigated. See United States v. Cervini, 379 F.3d 987, 990 (10th Cir. 2004). Thus, "failure to

raise an issue . . . on direct appeal imposes a procedural bar to habeas review." United States v. Barajas-Diaz, 313 F.3d 1242, 1245 (10th Cir. 2002). Ms. Pennington pled guilty and had her direct appeal dismissed. Consequently, her motion is procedurally barred unless an exception applies. See United States v. Wiseman, 297 F.3d 975, 979 (10th Cir. 2002) ("Generally, a movant is barred from raising an alleged error affecting his conviction or sentence for the first time on collateral review unless he can show both cause for the default and actual prejudice.").

Ms. Pennington attempts to overcome the procedural bar with claims of ineffective assistance of counsel. One well-established exception to the procedural bar against defaulted claims is where the "defendant can show both good cause for failing to raise the issue earlier, and that the court's failure to consider the claim would result in actual prejudice to his defense." Cervini, 379 F.3d at 990. "A meritorious claim of ineffective assistance of counsel constitutes cause and prejudice for purposes of surmounting the procedural bar." United States v. Harms, 371 F.3d 1208, 1211 (10th Cir. 2004). In order to succeed on a claim of ineffective assistance of counsel, a defendant must show her counsel's performance "fell below an objective standard of reasonableness," and that actual prejudice resulted. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

Ms. Pennington's ineffective assistance of counsel argument fails because she has not shown that her trial or appellate counsel rendered ineffective

performance. She first claims that trial counsel was ineffective for failing to object to the district court's enhancement of her sentence with facts found only by a preponderance of the evidence. She argues that this judicial fact-finding is illegal in the wake of Booker. But her sentencing occurred on October 15, 2003, and Booker was not issued until January 12, 2005. Booker is not retroactive on collateral review, see United States v. Bellamy, 411 F.3d 1182, 1184 (10th Cir. 2005), and trial counsel is not ineffective for failing to anticipate future developments in the law, see Harms, 371 F.3d at 1212 ("The Sixth Amendment does not require counsel for a criminal defendant to be clairvoyant.").

She also claims that the advice she received concerning her appeal was "coercive" because appellate counsel advised her that were she to appeal she would probably receive a higher sentence on remand, and that given that advice she decided to dismiss her appeal. Despite Ms. Pennington's contrary characterization, given the possibility of a longer sentence which plainly existed, the advice given was not "coercive." See Hannon v. Maschner, 845 F.2d 1553, 1556 (10th Cir. 1988) (noting that counsel must explain the pros and cons of an appeal in order for a defendant to make a voluntary and intelligent choice not to do so); Hatch v. Oklahoma, 58 F.3d 1447, 1459 (10th Cir. 1995) (explaining that for counsel's advice to be constitutionally ineffective it must be "completely unreasonable, not merely wrong"); cf. Holcomb v. Murphy, 701 F.2d 1307, 1311 (10th Cir. 1983) ("[T]he principal actor in the decision whether to appeal is the

criminal defendant.").

Additionally, "[w]hen a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue." United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). Booker did not eliminate a district court's fact-finding role (by a preponderance of the evidence) in sentencing. United States v. Magallanez, 408 F.3d 672, 684 (10th Cir. 2005). Also, the sentencing court in this case merely exercised its discretion to impose a sentence within the guideline range, which did not implicate the Sixth Amendment pre-Booker, and does not implicate it post-Booker. See Booker, 543 U.S. at 233 ("We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range."). Simply put, Ms. Pennington would not have satisfied plain error review on appeal. See United States v. Gonzales-Huerta, 403 F.3d 727, 736-39 (10th Cir. 2005) (en banc). In conclusion, the district court's resolution of the ineffective assistance of counsel claim is not reasonably debatable.

We DENY a COA, DENY leave to proceed in forma pauperis, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge