Conrad HAMMAN *v.* STATE of Arkansas

CR 80-134                                                  605 S.W. 2d 6
Supreme Court of Arkansas
Opinion delivered September 22, 1980

E. *Alvin Schay*, State Appellate Defender, Little Rock, for appellant.

*Steve Clark*, Atty. Gen., by: *James F. Dowden*, Asst. Atty. Gen., Little Rock, for appellee.

FRANK HOLT, Justice. Appellant seeks a belated appeal. On August 18, 1977, after a jury found him guilty of burglary and theft of property in violation of Ark. Stat. Ann. §§ 41-2002 and 41-2203 (Repl. 1977), he was duly committed to the Department of Correction to serve sentences of four years and one year, respectively, the sentences to run concurrently. On August 8, 1979, nearly two years later, appellant filed a *pro se* Rule 37 petition for postconviction relief, alleging ineffective assistance of counsel. On October 4, 1979, appointed counsel filed an additional petition requesting that the court grant appellant an appeal because the trial judge, at sentencing, failed to advise him of his right to appeal, as is required by Ark. Stat. Ann. § 43-2301 (Repl. 1977). After an evidentiary hearing, the court denied both petitions, finding that appellant, upon conviction, told the court that he agreed with the jury's verdict; he was advised of his right to appeal, of which he also had personal knowledge; he did not request his attorney to perfect an appeal; he was not denied effective assistance of counsel; and he was too late to lodge a belated appeal due to the time limitation in A. R. Crim. P. 36.9. Appellant urges for reversal that he was "effectively denied his right to appeal by actions of the court and his counsel."

We first observe that a request for a belated appeal under Rule 36.9 should initially be addressed to this court, because a trial judge has no authority to grant a motion, as here, for an appeal after the expiration of 30 days from entry of judgment. *Finnie* v. *State*, 265 Ark. 941, 582 S.W. 2d 19 (1979). Even if we should consider appellant's motion here for a belated appeal, we hold that he has demonstrated no

prejudice and the trial court's findings are sufficiently supported by the record.

A sufficient answer to appellant's argument that he was denied his right to appeal is that the court correctly found appellant had waited longer than allowed to ask for a belated appeal. Rule 36.9, amended on December 18, 1978, provides an 18 month belated appeal limitation. The pertinent part reads:

> . . . The Supreme Court may act upon and decide a case in which the notice of appeal was not given or the transcript of the trial record was not filed in the time prescribed [30 days], when a good reason for the omission is shown by affidavit. However, no motion for belated appeal shall be entertained by the Supreme Court unless application has been made, either to the Supreme Court or the trial court, within eighteen [18] months of the date of commitment . . . .

There is no contention this rule is inapplicable. Here, the motion for a belated appeal was not filed until more than 25 months from the date of appellant's commitment. Frther, appellant waited more than 9 months after the rule was amended before filing his motion for a belated appeal. In the circumstances, appellant's motion for a belated appeal is not timely made and, therefore, is denied.

Affirmed.