**Sampson ELLIS, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 88–1490.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1988.
Decided May 24, 1989.

Phillip H. McMath, Little Rock, Ark., for appellant.

J. Brent Standridge, Little Rock, Ark., for appellee.

Before ARNOLD and JOHN R. GIBSON, Circuit Judges, and ROSENBAUM,* District Judge.

ARNOLD, Circuit Judge.

Sampson Ellis was convicted of rape on August 23, 1977, in the Circuit Court of Cleveland County, Arkansas, and sentenced to life in prison. He brings this habeas corpus petition under 28 U.S.C. § 2254, claiming his conviction is invalid under the Constitution of the United States. The District Court[1] dismissed the petition, and we affirm.

Ellis's principal claim, and the one on which his other claims depend, is that his retained counsel was constitutionally ineffective because he did not file an appeal from the conviction. We agree with the District Court that this claim is procedurally barred. The remedy for such a situation under Arkansas law is to file a motion for belated appeal under Ark.R.Crim.P. 36.9 (Ark.Code Ann.1987), but there is an 18–month time limit on such motions, and Ellis's first efforts to secure a belated appeal did not begin until 23 months after his conviction. Ellis's papers in the state courts, when read liberally, could be taken to claim that he thought his lawyer had appealed for him, and did not learn to the contrary until after the 18 months had passed. (The lawyer, incidentally, vigorously denies this: He says Ellis knew no appeal had been filed and gave his consent to this state of affairs.) Such a factual claim, if substantiated, might make the 18–month state-law time bar inadequate to foreclose federal review, but under the special facts of this case such a theory need not be pursued. Even assuming that the state trial court was incorrect in concluding that it "ha[d] no authority to grant a belated appeal," *Sampson Ellis v. State of Arkansas*, No. CR–76–15 (Cir.Ct. Cleveland County, Ark., March 24, 1980) (order), Ellis could have appealed that decision to the Supreme Court, see *Paul Edward Thomason v. State of Arkansas*, Cir.Ct. No. CR 84–3426 (Ark. October 20, 1986) (per curiam), available in 1986 WL 11666. He did not do so, and no cause for this default is suggested that would qualify under the doctrine of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Moreover, Ellis should have applied directly to the Supreme Court for a belated appeal. (And he did make such an application, but not until 1986, long after the 18–month time period had run. It was summarily denied. *Sampson Ellis v. State of Arkansas*, Cir.Ct. No. CR–76–15 (Ark. March 19, 1986) (order).) *Hammon v. State*, 270 Ark. 307, 605 S.W.2d 6 (1980), holds that a motion for belated appeal should be filed initially in the Supreme Court.[2] If the motion raises an issue of fact (as, for example, whether appellant has waived his right to appeal), the Su-

* The Hon. James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

1. The Hon. H. David Young, United States Magistrate for the Eastern District of Arkansas.

2. *Hammon* is important for another reason. It points out that the 18–month time limit on Rule 36.9 motions was added by amendment on December 18, 1978. See 264 Ark. 965 (1978) (per curiam order amending Rule). But it applies the time limit nonetheless to Hammon's conviction, which occurred on August 18, 1977, just five days, as it happens, before the conviction Ellis is contesting in the case before us. When the Rule was amended, some 16 months had already passed since the Hammon and Ellis convictions. If Ellis had come in promptly after the amendment, but still somewhat later than the expiration of 18 months after his conviction, he might have had an argument in favor of relaxing the time bar. But he did not begin trying to obtain a belated appeal until seven months after the Rule had been amended. The Supreme Court applied the new time limit to Hammon, and we think it would have applied it to Ellis as well. This is not such an unreasonable interpretation of Rule 36.9 as to be inadequate as a procedural bar to federal review.

preme Court will deny it, but appellant may then apply to the trial court, and if relief is denied there, an appeal (on the issue of allowance of a belated appeal) can be taken to the Supreme Court. Here, Ellis incorrectly went to the trial court in the first instance.

The parties also debate whether Ellis could have raised his claim by way of a petition for post-conviction relief under Ark.R.Crim.P. 37. It seems that Rule 37, which has a three-year time limit in most cases, see, *e.g.*, *Williams v. Lockhart*, 873 F.2d 1129 (8th Cir.1989), is not available as a substitute for a Rule 36.9 motion for a belated appeal. But whether it is or not, the fact remains that a Rule 37 petition has never been filed in this case, the three-year limit has gone by, and no sufficient cause for this omission has been shown.

Of course, procedural defaults do not always bar consideration of the merits of a federal claim by a habeas court, even when cause and prejudice have not been shown. There are extraordinary cases where the merits may be reached despite failure to satisfy the doctrine of *Wainwright v. Sykes*. But in order to qualify for such extraordinary treatment, petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent...." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2650, 91 L.Ed.2d 397 (1986); *accord, Smith v. Murray*, 477 U.S. 527, 538, 106 S.Ct. 2661, 2668–69, 91 L.Ed.2d 434 (1986). Nothing of the kind is even suggested here.

We recognize that the rules of collateral review laid down in this opinion may seem stringent as applied to an inmate who had no lawyer at the time the procedural defaults that now prove fatal occurred. Many lawyers (ourselves among them) have from time to time had difficulty probing all the intricacies of appellate and post-conviction practice. But we have held repeatedly that *pro se* litigants are subject to the *Wainwright v. Sykes* doctrine. *E.g.*, *Williams, supra*, 873 F.2d at 1130; *Vasquez v. Lockhart*, 867 F.2d 1056 (8th Cir. 1988). The apparent harshness of such a

rule may be relieved by two circumstances. In special cases, the safety valve of actual innocence is available under *Murray* and *Smith*. And the effect of dismissing the petition, after all, is only to leave in effect the presumptively correct judgment of the state court. The state courts are and must remain the primary administrators of criminal justice. Review on federal habeas is an exception to the normal rules of finality of judgments. It is not surprising that such review is hedged about with strict procedural safeguards.

We appreciate the good assistance of Ellis's appointed counsel on this appeal.

Affirmed.