**Henry Jewell HARRIS, Petitioner,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Respondent.**

**Civ. No. PB–C–89–424.**

United States District Court, E.D. Arkansas, Pine Bluff Division.

Nov. 16, 1989.

Floyd A. Healy, Smith Law Firm, Little Rock, Ark., for petitioner.

Olan W. Reeves, Atty. General's Office, Little Rock, Ark., for respondent.

## ORDER

EISELE, Chief Judge.

The Court has received the recommended disposition of this case submitted by Magistrate H. David Young and the objections filed by the Petitioner. The Court has reviewed the recommendation and declines to adopt it.

Petitioner did not appeal his 1978 conviction for capital murder and kidnapping either directly or by collateral attack in the state court system. He was sentenced to life imprisonment without parole on the capital murder and 20 years on the kidnapping charge, both sentences to run concurrently. Now, ten years later, Petitioner has filed a petition for a writ of habeas corpus in which he attacks his conviction on four grounds. Respondent asserts that the failure to raise these grounds in a state forum is fatal since his claims are procedurally barred under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). That case and its progeny require Petitioner to (1) show cause for defaulting on the state procedural rules and (2) demonstrate that Petitioner was prejudiced as a result.

*Sykes* was decided in an effort to correct what seemed to the Court an imbalance in favor of habeas petitioners which permitted claims to be raised for the first time in federal court that had never been raised in any state proceeding. In *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) the petitioner, Noia, was convicted of murder by the New York court and sentenced to a prison term. Fourteen years later, Noia petitioned the state court for a writ of coram nobis. The New York State Court of Appeals reversed the grant of the writ and petitioner filed for a writ of habeas corpus in federal court. The district court denied relief on the grounds that by failing to appeal, Noia had defaulted. The Second Circuit reversed and the Supreme Court held that only where petitioner intentionally relinquished a known right, by what came to be known as a "deliberate bypass"

of state procedures could the claim be barred. *Fay* at 439, 83 S.Ct. at 849.

The net effect of the Court's new standard in *Sykes* was twofold. First, while *Fay* examined the petitioner's subjective knowledge, specifically petitioner's knowing and intelligent waiver of claims in state court, *Sykes* employs an objective test of counsel's decision: whether a reasonably competent attorney would have raised the defaulted claim in state court. Second, *Sykes* shifts the burden from the state to show petitioner's waiver to petitioner to demonstrate counsel's good cause not to have raised the claim in state court.

While *Sykes* changed the rules of the procedural default game the opinion itself expressly declined to decide the appropriate standard to apply when, as here, petitioner failed to bring any appeal at all. In *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) the Supreme Court addressed the issue of a *particular* claim not raised on direct appeal in the state and held that the *Sykes* cause and prejudice test applied. Yet again, the Court declined to rule on the problem of a complete failure to appeal: "[w]e express no opinion as to whether counsel's decision not to take an appeal at all might require treatment under [the *Sykes*] standard." *Id.* at 492, 106 S.Ct. at 2647–48.

In the years since *Murray* most circuits have not had to confront the issue of whether *Fay*'s deliberate bypass standard or *Sykes* cause and prejudice standard should apply to total failures to appeal; the Eighth Circuit is among them. In searching for a guiding principle this Court is impressed with the reasoning of the Eleventh Circuit in *Presnell v. Kemp,* 835 F.2d 1567 (1988) decided last year. Judge Tjoflat, writing for the panel, provided the following analysis of the surviving value of *Fay:*

> *Fay* has never been expressly overruled. We have suggested that *Fay*'s deliberate bypass test still applies to claims involving fundamental decisions that should not, or realistically cannot, be delegated to counsel, such as the defen-

dant's decision to plead guilty, waive his right to a jury trial, or take an appeal. (citation omitted). This interpretation of the continued but limited efficacy of *Fay* makes emminent sense, given that *Sykes'* objective standard presupposes the general competency of counsel—a presumption that has no relevance when fundamental decisions, that are not counsel's to make, are at stake.

*Presnell, supra,* at 1577. *See also Holcomb v. Murphy,* 701 F.2d 1307 (10th Cir.), *cert. denied,* 463 U.S. 1211, 103 S.Ct. 3546, 77 L.Ed.2d 1394 (1983) (relying on the failure of the Supreme Court to expressly overrule *Fay* as signal to apply it to situations in which no appeal was taken).

This Court's inclination to employ the *Fay* test is buttressed by the Supreme Court's repeated refusal both to reject *Fay* and to rule on the issue of failure to appeal. The *Presnell* court also noted the Supreme Court's enunciation of the *Sykes* standard as follows: cause and prejudice applies "[w]here ... a defendant has failed to abide by a State's procedural rule *requiring the exercise of legal expertise and judgment*". *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984).

This Court finds that Petitioner's decision to appeal is a fundamental one which should correctly be viewed under *Fay*'s deliberate bypass test. The burden under *Fay* rests with the state to demonstrate Petitioner's knowing waiver.

IT IS THEREFORE ORDERED that Magistrate Young conduct a factfinding hearing to determine whether Petitioner "deliberately bypassed" the state appeals process under the *Fay* analysis. The Court leaves it to the parties to assemble whatever evidence seems to them necessary to conduct the hearing.