**Henry Jewell HARRIS, Petitioner,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Respondent.**

**Civ. No. PB–C–89–424.**

United States District Court, E.D. Arkansas, Pine Bluff Division.

Jan. 22, 1991.

Floyd A. Healy, Smith Law Firm, Ltd., Little Rock, Ark., for petitioner.

Olan W. Reeves, Atty. Gen.'s Office, Little Rock, Ark., for respondent.

## ORDER

EISELE, Chief Judge.

The Court has reviewed the recommended disposition of this case submitted by Magistrate H. David Young and the objections filed by the state. The Court approves of and will adopt the Magistrate's recommendations as findings of this Court in all respects.

## I. PROCEDURAL HISTORY

Petitioner did not appeal his 1978 conviction for capital murder and kidnapping either directly or by collateral attack in the state court system. He was sentenced to life imprisonment without parole on the capital murder and 20 years on the kidnapping charge, both sentences to run concurrently. Now, ten years later, petitioner has filed a petition for a writ of habeas corpus in which he attacks his conviction on four grounds.

In an Order dated November 16, 1989, the Court determined that the "deliberate bypass" standard for procedural default derived from *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) applied to petitioner's complete failure to appeal his 1978 conviction for capital murder and kidnapping. *Harris v. Lockhart*, 729 F.Supp. 650 (E.D.Ark.1989). The state objects to the application of the deliberate bypass test and argues that the correct standard is the "cause and prejudice" test announced in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Construing two recent cases in this Circuit, *Buckley v. Lockhart*, 892 F.2d 715 (8th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 3243, 111 L.Ed.2d 753 (1990) and *Ellis v. Lockhart*, 875 F.2d 200 (8th Cir. 1989), the state argues that the Eighth Circuit:

> has indeed applied the procedural default standard of *Wainwright v. Sykes* to cases in which there was no *direct appeal*. Respondent asserts that this ruling is binding on this Court and it cannot change the standard back to the deliberate by-pass standard of *Fay v. Noia*, *supra*. Respondent asserts that this Court should change its order concerning the standard and which the magistrate followed, and allow the magistrate to decide the procedural default.

Respondent's Objections to Recommended Disposition, p. 6. (Emphasis added). In its earlier Order this Court stated that the Eighth Circuit had not addressed the issue of which standard to apply to total failures to appeal. As pointed out by the Magistrate in a footnote to his findings, the Eighth Circuit has dealt with this problem. However, its pronouncements do not make clear how it would dispose of the case *sub judice*. Because there is, understandably, controversy regarding the applicable standard, the Court will here undertake a more comprehensive review of the cases applying the *Fay v. Noia* "deliberate bypass" standard to failures to appeal. This discussion supplements and carries forward the analysis first undertaken in the Court's Order of November 16, 1989.

## II. THE RATIONALE FOR *FAY'S* DELIBERATE BYPASS STANDARD

In *Fay*, petitioner failed to appeal or attack his state court conviction for murder and filed a petition for federal habeas relief fourteen years later. Since the *Sykes* opinion itself preserved the deliberate bypass test for situations involving "the facts [in *Fay* ] which elicited it," i.e. complete failure to appeal or attack the conviction, the choice of the correct standard appears to depend upon whether the procedural default occurred as a result of the defendant's own voluntary, informed act on an issue intrusted to him or as a result of defendant counsel's decision in areas within counsel's discretion. *Wainwright v. Sykes*, 433 U.S. at 88, 97 S.Ct. at 2507. *See also* Liebman, *Federal Habeas Practice and Procedure*, § 24.4 (1989).[1]

Decisions which have traditionally been reserved for defendants, such as the decision to plead guilty, forego trial by jury or the assistance of counsel, or to take the stand, should not, conceptually, be subject to the rule of *Wainwright. See e.g. Wain-*

*wright, supra,* 433 U.S. at 93 n. 1, 97 S.Ct. at 2510 n. 1 (Burger, C.J., concurring) (guilty pleas, election of trial to a court); *Rinehart v. Brewer*, 561 F.2d 126, 130 n. 6 (8th Cir.1977) (assistance of counsel); *Huffman v. Wainwright*, 651 F.2d 347, 352 (5th Cir.1981) (election of trial to a court). On the other hand, the Court in *Sykes* approved of the contemporaneous-objection rule which effectively requires trial counsel to be responsible for tactical and professional decisions and deemed it proper to apply a cause and prejudice inquiry to such claims when procedurally barred by state law.

The Eighth Circuit has validated the distinction between fundamental decisions by an accused and tactical decisions by counsel in numerous contexts. *See e.g. Rinehart, supra; Graham v. Mabry*, 645 F.2d 603, 606–07 (8th Cir.1981) (voir dire and juror challenges are tactical decisions for counsel and are governed by *Sykes* ); *Collins v. Auger*, 577 F.2d 1107, 1109 (8th Cir.1978), *cert. denied* 439 U.S. 1133, 99 S.Ct. 1057, 59 L.Ed.2d 96 (1979) (counsel's

---

**1.** Professor Liebman's persuasive analysis runs as follows:

If the federal right defaulted by the petitioner is one that our criminal justice system allows the defendant, not counsel, to forego, there is no bar to habeas corpus relief under either the deliberate bypass rule of *Fay v. Noia* or the procedural default rule of *Wainwright v. Sykes*, unless the petitioner personally, knowingly, and deliberately waived the right.
In *Fay*, the Court held that a petitioner's failure to appeal his conviction did not bar the writ, although it did constitute a state procedural bar to relief. The Court in *Fay* reached this conclusion because the petitioner there had not "deliberately by-passed the orderly procedure of the state courts [by means of] ... 'an intentional relinquishment or abandonment of a known right or privilege.'" Although *Sykes* since has held that some procedural defaults in the state courts short of the deliberate bypass required in *Fay* bar federal review, *Sykes* left the deliberate bypass rule of *Fay* intact as to "the facts of the case eliciting it." Three members of the *Sykes* Court, including two who joined its five-person majority opinion, have concluded that the deliberate bypass rule of *Fay*, rather than the procedural default rule of *Sykes*, applies not only to the decision actually involved in *Fay*—whether to appeal—but to any decision traditionally "en-

trusted to the defendant" for personal consideration, invocation, or waiver. Those Justices would apply the *Sykes* rule only to "on-the-spot decisions [that is] a practical matter, a criminal defendant is rarely, if ever, in a position" to make, such as most "objections at trial."
The distinction between decisions generally made by the defendant himself and trial-type decisions as to which an attorney's conduct binds the client is well established. The rationale for such a distinction in the present context is clear: If criminal trials are to proceed with efficiency and dispatch, trial counsel and not the defendant "quite obviously ... must have the authority to make important tactical decisions promptly as a trial progresses." That authority would be undercut if each decision made by counsel may be challenged in habeas corpus unless the petitioner fully participated in making it. On the other hand, there are certain more fundamental decisions that defendants typically make for themselves, albeit with the assistance of counsel. As to those decisions, the strong basis for binding the petitioner to the errors of counsel is not present, and the unfairness of doing so is magnified. Accordingly, in these latter cases, only if the petitioner himself knowingly and intelligently participated in a decision to forego a right in the state courts is he bound by the default in federal court.

objections or failures to object to admissions or statements of defendant covered by cause and prejudice standard).

## III. RESPONDENT'S POSITIONS

The state urges the Court to recognize what it considers to be the Supreme Court's blanket adoption of the *Sykes* standard in *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Instead, the Court finds the following language instructive:

> Although recent dicta by the Supreme Court might be read to require a "cause and prejudice" approach to any "state procedural default," *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 1572 [71 L.Ed.2d 783] (1982), we do not feel that the Court has completely discarded the "deliberate bypass/knowing and intelligent waiver" standard. [Citation omitted]. In a case such as the present one, in which the particular choice to forego a state procedure [direct appeal] is customarily made by the defendant, rather than by the defendant's attorney, the approach taken in *Fay v. Noia, supra,* seems more appropriate. [Citing *Graham, supra* ].

*Ashby v. Wyrick*, 693 F.2d 789 (8th Cir. 1982).[2]

### A. *Ellis and Buckley*

The state also contends that "[t]his Court has overlooked the fact that the Eighth Circuit Court of Appeals has applied procedural default on at least two occasions when the petitioner failed to file a direct appeal from his conviction," citing *Buckley* and *Ellis supra.* In fact, neither case specifically addressed or disposed of the issue of which standard to apply in a situation where there has been a complete failure to appeal by one who is entirely unaware of his/her right to appeal.

It must be remembered that in this case, Mr. Harris contends, and we must accept for present purposes, that he did not know he had the right to appeal and that neither his attorney nor the court ever advised him of that right. He had been in prison for

over two years before becoming aware of this right. Furthermore, Mr. Harris has never attempted to represent himself *pro se.* Now let us compare the facts in *Ellis* and *Buckley* keeping in mind that the *Fay* standard involves an intelligent waiver of a *known* right.

In *Ellis v. Lockhart,* the petitioner claimed that his retained attorney was constitutionally ineffective because he did not file a timely appeal from the conviction. The remedy for such a situation is to file a motion for a belated appeal under Arkansas Rule of Criminal Procedure 36.9. However, there is an 18–month limit on such motions and Mr. Ellis' first efforts to secure such a belated appeal did not begin until 23 months after his conviction. Mr. Ellis contended that he thought his lawyer had appealed for him and did not learn to the contrary until 18 months had passed. Judge Richard Arnold, speaking for the panel, observed:

> Such a factual claim, if substantiated, might make the 18–month state-law time bar inadequate to foreclose federal review, but under the special facts of this case, such a theory need not be pursued.

Mr. Ellis should have applied directly to the Arkansas Supreme Court for leave to file his belated appeal. If the motion filed there raises a factual issue, the Supreme Court will deny it but appellant may then apply to the trial court. If the trial court also denied relief an appeal on the issue of allowance of the belated appeal can be taken back to the Supreme Court. Instead of following this procedure, Ellis moved for leave to file the belated appeal with the trial court. The trial court, of course, concluded that it had no authority to grant such an appeal initially. Mr. Ellis did not appeal that decision. And Judge Arnold concluded for the Eighth Circuit panel that "no cause for th[at] default is suggested that would qualify under the doctrine of *Wainwright v. Sykes ....*" Summarizing both Ellis's procedural bind and the complexity of these rules, Judge Arnold stated:

> We recognize that the rules of collateral review laid down in this opinion may

**2.** The State relies on the *Engle* language in sup- port of its argument.

seem stringent as applied to an inmate who had no lawyer at the time the procedural defaults that now prove fatal occurred. Many lawyers (ourselves among them) have from time to time had difficulty probing all the intricacies of appellate and post-conviction practice. But we have held repeatedly that *pro se* litigants are subject to the *Wainwright v. Sykes* doctrine. *E.g., Williams* [*v. Lockhart*], *supra*, 873 F.2d at [1129] 1130 [ (8th Cir. 1989) ]; *Vasquez v. Lockhart*, 867 F.2d 1056 (8th Cir.1988).

875 F.2d at 202.

So in *Ellis*, we have a case where, clearly, petitioner knew of his right to appeal, claimed that he had made his decision to appeal and had directed his attorney to appeal. He believed his attorney had in fact appealed and did not learn to the contrary until 18 months had passed, whereupon he decided to represent himself *pro se.* And, in doing so, he made several errors under state law which ultimately deprived him of his right to a belated appeal. As noted by Judge Arnold, *pro se* litigants are subject to the *Wainwright v. Sykes* doctrine.

In *Buckley*, the trial court, advised petitioner of his right to appeal immediately after sentencing. The next day, Mr. Buckley escaped from custody. He remained at large throughout his appeal. After his apprehension and commitment, he filed "an array of motions for post-conviction relief." 892 F.2d at 716. His first was a *pro se* petition pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. Although he obviously knew of his right to appeal, he did not complain in that petition of the failure of his attorney to perfect an appeal. In his second petition, Buckley alleged ineffective assistant of counsel based, *inter alia*, on his counsel's failure to effect an appeal. That petition also stated that counsel had refused to file an appeal "since the Judge stated that petitioner could not appeal." *Id.* The court dismissed each petition in turn.

Mr. Buckley then filed his federal habeas corpus petition alleging, as his claim of ineffective assistance of counsel, that his attorney had failed to effect an appeal. Buckley amended his petition alleging, *inter alia*, the denial of his right to appeal. He then filed a second amended petition alleging four additional grounds for relief. Buckley's petition was dismissed since "none of the grounds presently being put forth by petitioner have been fairly presented to the state courts" and because petitioner could not show adequate cause for failing to present these grounds to the state court. *Id.* at 718.

A divided panel of the Eighth Circuit upheld the lower court's decision and reached the question whether Buckley's attorney's failure to effect an appeal constituted ineffective assistance of counsel and, if so, whether that constituted cause for the procedural default. It answered this latter question in the negative only because Buckley chose to escape immediately after being sentenced.

It should be apparent that the Buckley case is entirely different from the case here under review. Mr. Buckley knew of his right to appeal, directed his attorney to appeal, and later undertook to represent himself thereby subjecting himself to certain risks growing out of his lack of knowledge of the law. He also chose to escape and to remain at large throughout his appeal. By so doing, he forfeited his right to appeal under established precedents. In sum then, Buckley's issue of procedural bar turned not on his failure to exercise his right of appeal but, rather, because of his counsel's failure to perfect the appeal as instructed, which was part of a pattern of alleged ineffective representation.

B. *The State's Position Before the Supreme Court*

Respondent's argument here relies heavily on the *Buckley* case. A petition for *certiorari* was filed in the U.S. Supreme Court in that case by Mr. Buckley. It was denied on June 27, 1990. In its opposition thereto respondent first demonstrated its understanding of the critical difference between fundamental decisions and tactical ones:

The distinction between the procedural default holding of *Wainwright* and that

of *Fay v. Noia* is ably explained by Professor Liebman in his recent treatise. *See* 1 Liebman, *Federal Habeas Corpus Practice and Procedure*, §§ 24.1, .4 (1988). The chief distinction is that *Fay v. Noia* applies only when the defendant himself has made a knowing and intelligent by-pass of orderly state court procedure with respect to certain fundamental decisions, and *Wainwright* applies with respect to tactical or strategic decisions typically made by counsel at or about trial. *See Presnell v. Kemp*, 835 F.2d 1567 (11th Cir.1988). Which standard applies where there was a complete and total failure by a *pro se* litigant to appeal at the state court level is a question that has divided some federal circuit courts of appeal. *Cf. Hughes v. Idaho State Board of Correction*, 800 F.2d 905, 906–7 (9th Cir.1986), (*Wainwright* applies) and *Osborn v. Shillinger*, 861 F.2d 612, 615, 622–4, n. 11 (10th Cir.1988), (*Fay v. Noia* applies).

Brief In Opposition to the Petition for *Certiorari* at 1–2. Next, appellee apparently argued a position polar to its current contentions: namely that *Buckley* was definitively *unlike* the cases presenting total failures to appeal!

In this case the applicability of these two cases [*Hughes* and *Osborne*] with respect to Buckley's total failure to file an appeal is not present. The issue is Buckley's failure to raise these particular issues in a petition for post-conviction relief. Buckley was well aware of his right to seek post-conviction relief pursuant to A.R.Cr.P. Rule 37, and he availed himself of that right. He merely neglected to raised [sic] these particular issues in the first rule 37 petition he filed. *Where the default is failure to raise a particular issue or issues, as opposed to complete failure to pursue an avenue of relief, this Court has held that the Wainwright cause and prejudice standard applies. See Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Although the instant case involves a litigant who was proceeding *pro se* at the time and *Murray v. Carrier* involved a habeas petitioner represented by counsel, there is no meaningful distinction between a *pro se* litigant at the state court level and a litigant at the state court level represented by counsel who fails to raise an allegation of error on behalf of his client.

*Id.* at 2–3 (emphasis added). To which the petitioner here, Mr. Harris, says, "Amen."

So let us now take a closer look at the two cases cited by the state to show the split in the circuits as to the proper standard to apply to complete and total failures to appeal, to wit, *Hughes v. Idaho State Board of Correction*, 800 F.2d 905 (9th Cir.1986) and *Osborn v. Shillinger*, 861 F.2d 612 (10th Cir.1988). Since the state practically concedes the inapplicability of *Buckley* and *Ellis* to the situation here, it must be relying on *Hughes*.

The opinion of the Ninth Circuit was written by Judge Skopil who provided this summary of the facts and procedure:

Hughes pleaded guilty to a charge of robbery pursuant to a plea agreement. Six years later he filed a petition for post-conviction relief in an Idaho state district court on the ground the plea agreement was violated. The state court dismissed the petition. No appeal was taken.

Hughes thereafter filed an application in federal court for writ of habeas corpus under 28 U.S.C. § 2254 (1982) seeking specific performance of his plea agreement. The state responded in part that "because the Petitioner filed neither a direct appeal of his conviction to the Idaho Supreme court nor a direct appeal of his denial of post-conviction relief to the Idaho Supreme Court, ... the highest court of the State of Idaho has not decided the issue in the Petitioner's case." The federal district court's decision does not mention petitioner's failure to present his claim to the Idaho Supreme Court. Instead, the court held that the prosecutor did not breach the plea agreement. Hughes timely appealed.

800 F.2d at 906.

Judge Skopil then discussed the debate over when to apply *Sykes* and when to

apply *Fay*, and reviewed the Supreme Court's pronouncements favoring *Sykes*.[3]

Since the Supreme Court's decision in *Sykes* "a debate has raged in the lower federal courts over when to apply the *Sykes* 'cause and prejudice' test and when to employ the 'deliberate bypass' standard of *Fay v. Noia*, 372 U.S. 391 [, 83 S.Ct. 822, 9 L.Ed.2d 837] (1963)." *Maupin v. Smith*, 785 F.2d 135, 138 n. 2 (6th Cir.1986). By not explicitly overruling *Fay*, *Sykes* left open the question of the appropriate standard to apply to a failure to take an appeal. See *Sykes*, 433 U.S. at 88 n. 12, 97 S.Ct. at 2507 n. 12. See also *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Court again expressly declines to give opinion as to whether counsel's decision to not take an appeal should be treated under the cause and prejudice standard).

Courts have relied on the Supreme Court's express reservation of the issue to conclude that *Fay's* deliberate bypass test should apply to a petitioner's failure to appeal. E.g., *Holcomb v. Murphy*, 701 F.2d 1307, 1310 (10th Cir.) (Supreme Court has not overruled *Fay* and until it does courts should apply *Fay* to situations in which no appeal has been taken), cert. denied, 463 U.S. 1211, 103 S.Ct. 3546, 77 L.Ed.2d 1394 (1983). In our opinion, however, the value of that reservation has been diminished by several recent Supreme Court decisions. In *Engle v. Isaac*, 456 U.S. 107, 135, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982), the Court applied the cause and prejudice standard to a failure to make a contemporaneous objection at trial. The Court's holding was particularly broad. "[A]ny prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief." Id. at 129, 102 S.Ct. at 1572. In *Reed v. Ross*, 468 U.S. 1, 16–19, 104 S.Ct. 2901, 2907–08, 82 L.Ed.2d 1 (1984), the Court applied *Sykes'* cause and prejudice standard to a petitioner's failure to

raise a jury instruction issue on appeal. In broad language the Court held that "[w]hen a procedural default bars litigation of a constitutional claim in state court, a state prisoner may not obtain federal habeas corpus relief absent a showing of 'cause and actual prejudice.' " Id. [468 U.S.] at 11, 104 S.Ct. at 2908 (citing *Engle*, 456 U.S. at 129, 102 S.Ct. at 1572).

Finally, in *Murray*, 106 S.Ct. at 2644–50, the Court applied the cause and prejudice standard to counsel's inadvertent failure to raise a substantive claim of error on direct appeal. "Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than at trial." Id. at 2648.

This circuit has not decided which test should apply when the state procedural default results from a failure to appeal a dismissal of post-conviction relief to a state supreme court. We conclude that the cause and prejudice standard should apply.

*Id.* at 907.

As to Mr. Hughes, the Ninth Circuit affirmed the district court's refusal to grant the writ, but did so because "Hughes waived his constitutional claim by failing to appeal the denial of post-conviction relief to the Idaho Supreme Court." *Id.* at 908. The opinion makes it clear that Hughes was proceeding *pro se* when he failed to appeal the Idaho state district court's dismissal of his petition for post-conviction relief. It was this failure, of petitioner *qua attorney*, to appeal the dismissal that brought him within the standard of *Sykes*. Note Judge Skopil's language on this point:

Although the cases that developed the cause and prejudice standard involved counsel's errors, we conclude that the standard should not be limited to those situations. Many state prisoners initiate their own state post-conviction actions. To sweepingly conclude that pro se litigants should not be held to the cause and prejudice standard is to ignore the clear trend toward applying that standard and

---

**3.** In reality the illustrations he uses make the case for Liebman's distinction.

the apparent abandonment of *Fay's* deliberate bypass standard. Thus, we hold that *Sykes*'s cause and prejudice standard should be applied to Hughes' failure to appeal the denial of his post-conviction relief in state court.

*Id.*

It is suggested that it is precisely because the party-client has elected to act as his or her own attorney that that party-client should be held to the same standard in reference to decisions customarily made by lawyers as where he or she actually has a retained or appointed attorney. And that standard for procedural defaults is the cause and prejudice standard of *Sykes*.

The cases Judge Skopil relies upon involve decisions traditionally made by attorneys. *Sykes* then, and not *Fay*, is the correct standard where a *pro se* litigant fails to perfect an appeal of the dismissal of his post-conviction petition.

Which brings us to *Osborn v. Shillinger*. The *Osborn* court would apply the *Fay* rule not only in this case but also under the facts of *Hughes*. Judge Seymour, like Judge Skopil, framed the election of the standard by recapitulating the relevant caselaw:

> The first question we must address is the procedural default standard applicable in determining whether the failure to appeal the denial of a state post-conviction petition precludes federal redress of a constitutional claim. In *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the Supreme Court considered procedural bar in the context of the petitioner's failure to take a direct appeal from a state court conviction. The Court held that such a petitioner is barred if he has "deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." *Id.* at 438, 83 S.Ct. at 849. The Court described deliberate bypass as " 'an intentional relinquishment or abandonment of a known right or privilege.' " *Id.* at 439, 83 S.Ct. at 849 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct., 1019, 1023, 82 L.Ed. 1461 (1938)). The Court further explained that

> [i]f a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits—though of course only after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default.

*Id.* The Court has never overruled *Fay*, and has twice reserved the issue of whether a failure to file an appeal at all falls under the cause and prejudice standard. *See Wainwright v. Sykes*, 433 U.S. 72, 88 n. 12, 97 S.Ct. 2497, 2507 n. 12, 53 L.Ed.2d 594 (1977); *Carrier*, 106 S.Ct. at 2648.

A persuasive argument can be made that the deliberate bypass standard remains applicable to fundamental decisions made by the defendant himself as opposed to strategic legal issues decided by his attorney. *See Sykes*, 433 U.S. at 92–94, 97 S.Ct. at 2509–10 (Burger, C.J., concurring). By stressing that ineffective assistance of counsel and new developments in the law are a clear means of showing "cause," *see Carrier*, 106 S.Ct. at 2646, the Court has indicated that the cause and prejudice test is best suited to address attorney decisions. *See e.g., Reed*, 468 U.S. at 11, 104 S.Ct. at 2907 (asserting that cause and prejudice test applies where "defendant has failed to abide by a State's procedural rule *requiring the exercise of legal expertise and judgment* ") (emphasis added)); *cf. Amadeo v. Zant*, 486 U.S. 214, 108 S.Ct. 1771, 1776, 100 L.Ed.2d 249 (1938). Following this rationale, we have consistently held with respect to direct appeals that until the Supreme Court overrules *Fay*, "we shall apply the rule of that case at least to situations in which no state appeal has been taken" *Holcomb v. Murphy*, 701

F.2d 1307, 1310 (10th Cir.), *cert. denied,* 463 U.S. 1211, 103 S.Ct. 3546, 77 L.Ed.2d 1394 (1983); [other citations omitted].

Our own decision in *Holcomb* and the Supreme Court's recent decisions in *Reed* and *Murray* convince us that the *Fay* standard continues to apply to decisions which properly rest with the defendant/petitioner. *See Hughes,* 800 F.2d 905, 910–14 (9th Cir.1986) (Nelson, J., dissenting) (discussing the failure-to-appeal issue in detail). The ultimate decision whether to file a post-conviction appeal properly rests with the petitioner, just as it does in deciding whether to file a direct appeal. We thus apply the deliberate bypass standard to Osborn's failure to file a timely appeal from the denial of his state petition for habeas relief.

So *Osborne* clearly supports this Court's view as does *Hughes* when seen in the context of the procedural problem presented there. *Osborn* is also consistent with Judge Tjoflat's opinion in *Presnell v. Kemp,* 835 F.2d 1567 (11th Cir.1988), which the Court cited in its Order of November 16, 1989, and which, at the risk of appearing to protest too much, bears repetition here:

> *Fay* has never been expressly overruled. We have suggested that *Fay* 's deliberate bypass test still applies to claims involving fundamental decisions that should not, or realistically cannot, be delegated to counsel, such as the defendant's decision to plead guilty, waive his right to a jury trial, or take an appeal. (citation omitted) This interpretation of the continued but limited efficacy of *Fay* makes eminent sense, given that *Sykes'* objective standard presupposes the general competency of counsel—a presumption that has no relevance when fundamental decision, that are not counsel's to make, are at stake.

### FAY APPLIED TO PETITIONER

With the issues now clarified, contrast the case of our petitioner, Mr. Harris. It is well accepted that it is the party-client who decides whether to appeal or not to appeal. This is not a decision entrusted to one's attorney. If the client does not know of his or her right to appeal—whether because of the ineffective assistance of counsel (in not advising the client of the right to appeal) or because of the failure of the court to advise of that right, or for any other reason—there is no way in which the party-client can make a knowing waiver of that right.

Here, Mr. Harris insists that he did not know that he had any right to appeal until two years after his conviction. And Mr. Harris has never attempted to represent himself *pro se.* Instead, he has always sought and obtained the services of competent counsel. As stated above, one represents himself *pro se* when one voluntarily elects to act as one's own attorney as the petitioners did in the *Buckley* case and in the *Ellis* case. And we know that one's *pro se* status will not ordinarily excuse the failure to present federal habeas claims to state court. *See Ellis, supra.* This, however, is not Mr. Harris's problem.

So, as the Court sees it, the *Harris* case is actually the *Fay* case, which *Sykes* preserved on "the facts [in *Fay* ] which elicited it." The choice to appeal or not to appeal was Mr. Harris's alone to make, not his attorney's. He should have been advised of his right to appeal by his attorney or by the court or, ideally, by both. He was not. His procedural bar is therefore analyzed under the deliberate bypass test. Since he was not aware of his right, it follows a fortiori that he could not have intelligently waived it. Although unnecessary to the analysis, the Court notes that Harris, like the petitioner in *Fay,* not only neglected to appeal directly but also failed to make any collateral attack upon his conviction in state court. And respondent has conceded throughout this habeas proceeding that the petitioner had exhausted available state remedies.

A recent Eighth Circuit opinion removes all doubt, in the Court's opinion, as to the applicability of the deliberate bypass standard to failures to directly appeal a conviction, at least in this Circuit. In *Cheek v. U.S.,* 858 F.2d 1330 (8th Cir.1988), the

Court entertained a federal inmate's petition for habeas relief and flatly stated:

While there is some question in the courts as to the current viability of the deliberate bypass approach, *this Court has continued to apply it where a § 2255 petitioner has declined to directly appeal.* We also note that the Supreme Court has expressly refrained from declaring the deliberate bypass standard dead law.

*Id.* at 1335, n. 7. Citations omitted and emphasis supplied). If there are any analytically significant distinctions between default standards under § 2255 and under § 2254, this Court is unaware of them.

The Court, being convinced of the correctness of the standard enunciated in its November 16, 1989 opinion, declines to depart therefrom.

IT IS THEREFORE ORDERED that petitioner be, and he is hereby, granted 30 days to file his brief addressing the merits of his petition.

