**Fred EARNEST, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

No. 90–2032.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 4, 1991.

Decided Feb. 14, 1991.

Marcus Vaden, Little Rock, Ark., for appellant.

Joseph F. Svoboda, Little Rock, Ark., for appellee.

Before McMILLIAN, FAGG and MAGILL, Circuit Judges.

PER CURIAM.

Fred Earnest, an Arkansas inmate, appeals from a final judgment of the District Court[1] for the Eastern District of Arkansas denying Earnest's petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons discussed below, we affirm the judgment of the district court.

Earnest was convicted by a jury of carnal abuse in the first degree, and was sentenced as an habitual offender to twenty years imprisonment. Earnest did not file a direct appeal. Earnest filed a pro se petition for post-conviction relief in state court, claiming ineffective assistance of trial counsel for failing to file a direct appeal. The petition was denied. He then filed a motion for belated appeal with the Arkansas Supreme Court, which denied the motion without prejudice to allow Earnest to move for an evidentiary hearing before the state circuit court. Earnest moved for such a hearing.

The circuit court concluded that Earnest had voluntarily waived his right to appeal, and did not receive ineffective assistance of counsel. Earnest did not appeal the decision to the Arkansas Supreme Court, but instead filed the instant habeas corpus petition in federal court, asserting, inter alia,[2]

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable John F. Forster, Jr., United States Magistrate for the Eastern District of Arkansas.

2. The district court's rejection of his other claims, relating to the validity of his conviction, is not challenged on appeal.

that he received ineffective assistance of counsel when his trial counsel did not file a direct appeal.

The magistrate conducted a hearing, at which Earnest and his ex-wife testified, and his trial counsel's telephonic deposition was admitted into evidence. The magistrate concluded that Earnest did not receive ineffective assistance of counsel by virtue of his counsel's failure to appeal his conviction. The magistrate further concluded that Earnest had not shown "cause" for his failure to appeal the circuit court's order, and thus Earnest was procedurally barred from presenting his claims in federal court. The district court adopted the magistrate's findings and recommendations, and dismissed the habeas petition.

We have carefully reviewed the record, and agree with the district court that Earnest was procedurally barred for failing to appeal the state circuit court's denial of the motion for belated appeal. *See Ellis v. Lockhart,* 875 F.2d 200, 201–02 (8th Cir. 1989).

Accordingly, the judgment of the district court is affirmed.