James Edward WILLIAMS, Appellant,

v.

STATE OF ARKANSAS; Ashley County; Chicot County, Appellees.

No. 90–1069WA.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1990.

Decided March 6, 1991.

James B. Bennett, El Dorado, Ark., for appellant.

J. Brent Standridge, Little Rock, Ark., for appellees.

Before JOHN GIBSON and BOWMAN,

Circuit Judges, and HANSON,* District Judge.

HANSON, Senior District Judge.

Williams appeals the decision of the district court [1] denying his petition for habeas corpus relief. We affirm.

In 1974, Williams was found guilty of first degree murder in Arkansas and sentenced to life imprisonment. He did not appeal the conviction nor file any state postconviction action. In 1989, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254.

In his petition and at an evidentiary hearing Williams contended he did not pursue any state remedies because he believed he lacked sufficient education and because he mistakenly believed an appeal was pending. United States Magistrate Beverly Stites recommended to the district court that the petition be considered procedurally barred because this was not sufficient cause under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), for failing to raise his claims in state court. The district court adopted the report and recommendation and dismissed the petition with prejudice.

Petitioner concedes that the *Wainwright* cause and prejudice test is applicable where the petitioner has appealed in state court but neglected to raise a particular issue in that appeal. He argues, however, the deliberate bypass approach set out in *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), should be used when considering procedural default where the petitioner has failed to file any appeal or postconviction action.

While *Wainwright* did not overrule *Fay*, the application of the deliberate bypass standard after *Wainwright* is limited to those situations where the procedural default alleged involves a decision not typically entrusted to counsel. *See Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397 (1986). In the Eighth Circuit "the trend [is] toward wider application of the *Wainwright* cause and prejudice test." *Vasquez v. Lockhart*, 867 F.2d 1056, 1058 (8th Cir.1988). This court has applied the cause and prejudice test to a § 2254 petitioner who had filed neither a direct appeal nor an application for state postconviction relief.[2] *Ellis v. Lockhart*, 875 F.2d 200 (8th Cir.1989).

This case is procedurally indistinguishable from *Ellis*. As in *Ellis*, Williams failed to pursue any state remedies before bringing his habeas petition. Thus, it was appropriate for the district court to apply the cause and prejudice standard in this case.

Petitioner argues in the alternative that if *Fay* does not govern this case then the district court erred in its application of *Wainwright*. In *Smittie v. Lockhart*, 843 F.2d 295 (8th Cir.1988), we held a petitioner's "pro se status and educational background are not sufficient cause for failing to pursue state-court remedies." *Id.* at 298. These are precisely the same reasons Williams advances here. The district court correctly found no cause for petitioner's procedural default.

Accordingly, we affirm.

---

* The HONORABLE WILLIAM C. HANSON, Senior Judge, United States District Court for the Northern and Southern Districts of Iowa, sitting by designation.

1. The Honorable Oren Harris, Senior United States District Judge for the Western District of Arkansas.

2. This circuit distinguishes between § 2254 and § 2255 petitioners. *See Cheek v. United States*, 858 F.2d 1330, 1335 n. 7 (8th Cir.1988) ("this Court has continued to apply [deliberate bypass] where a § 2255 petitioner has declined to directly appeal.").